Filed 8/3/23  P. v. Cole CA2/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B304329 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA061968) |
| v. | |
| FREDDIE COLE, | **OPINION ON REMAND** |
| Defendant and Appellant. | |

THE COURT:

In a June 21, 2023, order, the California Supreme Court directed us (1) to vacate our August 3, 2020, decision in this matter, and (2) to "reconsider whether to exercise [our] discretion to conduct an independent review of the record or provide any other relief in light of *People v. Delgadillo* (2022) 14 Cal.5th 216,

232-233 & fn. 6" (*Delgadillo*).  The parties filed supplemental briefing regarding the Supreme Court's remand order.

We begin by vacating our August 3, 2020, decision in this matter.

In that prior decision, we held that the duty of an appellate court to conduct an independent review of the record when a criminal defendant's lawyer files a "no merit" brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) on direct appeal does not extend to appeals in post-conviction matters.  (*People v. Cole* (Aug. 3, 2020) B304329, at pp. 1-2, opn. ordered nonpub. June 21, 2023.)  In *Delgadillo, supra,* 14 Cal.5th 216, our Supreme Court agreed with our basic holding but went on to spell out the procedures that appellate courts are to follow in these post-conviction appeals where the defendant's counsel believes there is "no merit."  (*Id.* at p. 222.)  Specifically, *Delgadillo* held that appellate courts that receive a "no merit" brief from defense counsel should thereafter provide the defendant notice that (1) "counsel was unable to find any arguable issues," (2) "the defendant may file a supplemental brief or letter raising any argument the defendant wishes the court to consider," and (3) "if no such supplemental brief or letter is timely filed, the court may dismiss the appeal as abandoned."  (*Ibid.*)  Because our prior decision in this matter was the first decision to apply these new procedures in the context of an appeal from the denial of a post-conviction petition for relief under Penal Code section 1172.6,[1]

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Former section 1170.95 was the pertinent statute when we issued our prior decision in this matter.  Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change

2

the notice we gave to defendant contained the first two of *Delgadillo*'s notice requirements, but not the third. The notice given to the defendant in *Delgadillo* was also missing the third requirement; the *Delgadillo* court labeled the notice "suboptimal," and proceeded to conduct an independent review of the record (consistent with the *Wende* procedures). (*Delgadillo*, at pp. 222, 232-233.) We will do the same. In his supplemental brief, defendant requests that we give him proper notice (which includes another opportunity to file a supplemental brief or letter) *and* that we thereafter conduct an independent review of the record.[2] We decline this request, as *Delgadillo* makes clear that defendant is entitled to one remedy or the other, but not both remedies. We have elected to exercise our discretion to conduct an independent review. (*Id.* at p. 232 [appellate court has discretion to "conduct[] its own independent review of the record in any individual section 1172.6 appeal"].)[3]

Our independent review of the record confirms that defendant's appeal has no merit.

Defendant was convicted in 2007 of murder (§ 187, subd. (a)) and arson of an inhabited structure (§ 451, subd. (b)). The

---

in text. (Stats. 2022, ch. 58, § 10.) For simplicity, we refer to the statute by its new numbering.

[2] The People assert that we should issue defendant a new notice and permit him to file a supplemental brief or letter.

[3] As a result, we deny defendant's motion to vacate our submission of this case, which we entered after receiving the party's supplemental briefs. That motion is premised on defendant's view that he is entitled to a second opportunity to file a supplemental brief *and* independent review; as noted in the text, we reject this reading of *Delgadillo*.

evidence at trial established that defendant repeatedly threatened to "burn this mother fucker down and everybody that's in it," and thereafter—while acting alone—splashed gasoline on the porch of an apartment where the murder victim lived moments before a fire started. Because defendant acted alone, the jury was not instructed on the theories of aiding and abetting or conspiracy. Although the jury was instructed on the theory of felony murder, that instruction applied only to liability for *his* act of arson; because defendant acted alone in committing arson, the jury was not instructed on a theory of felony murder for liability for acts committed by a *co-felon*. In April 2019, defendant filed a petition seeking resentencing under section 1172.6. In his form petition, defendant alleged that he "was not the actual killer." On January 15, 2020, and after appointing defendant counsel, the trial court summarily denied defendant's petition after finding him categorically ineligible for relief.

The summary denial of a section 1172.6 petition is permissible only if the petitioner is not eligible for relief as a matter of law. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) Because section 1172.6 is aimed at granting post-conviction relief to those defendants convicted of murder under a theory invalidated by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (§§ 1172.6, subd. (a)(3), 188, subd. (a)(3), 189, subd. (e)), a section 1172.6 petition may be summarily denied if the record shows, as a matter of law, that the defendant's murder conviction rests on a still-valid theory. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867 [looking to absence of jury instructions on invalidated theories].) A person may still be convicted of murder if he or she is the "actual killer." (§§ 189, subd. (e)(1), 188, subd. (a)(3).) Because the record here shows that defendant acted as the

4

"actual killer" *and* because the jury instructions did not permit the jury to convict defendant on any theory *other than his role as the "actual killer*," the trial court's ruling that defendant is ineligible for relief as a matter of law was indisputably correct. Accordingly, we affirm the trial court's order denying defendant relief under section 1172.6.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

LUI, P. J.    CHAVEZ, J.    HOFFSTADT, J.